# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| **In re:**  **THOMAS HEALTH SYSTEM, INC.,**  Debtor. | Chapter 11  Case No. 20-20007 (FWV)  (Joint Administration Requested) |
| **In re:**  **HERBERT J. THOMAS MEMORIAL HOSPITAL ASSOCIATION,**  Debtor. | Chapter 11  Case No. 20-20008 (FWV)  (Joint Administration Requested) |
| **In re:**  **CHARLESTON HOSPITAL, INC.,**  Debtor. | Chapter 11  Case No. 20-20009 (FWV)  (Joint Administration Requested) |
| **In re:**  **THS PHYSICIAN PARTNERS, INC.,**  Debtor. | Chapter 11  Case No. 20-20010 (FWV)  (Joint Administration Requested) |

**DEBTORS' MOTION FOR AN ORDER DIRECTING JOINT
ADMINISTRATION OF THEIR RELATED CHAPTER 11 CASES**
(*Expedited Consideration Requested*)[1]

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), by their undersigned proposed counsel, file this motion (the "Motion") pursuant to sections 105 of Title 11 of the United States Code, 11 U.S.C. § 101 *et seq.*, as amended (the "Bankruptcy Code"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1(b) of the Local Bankruptcy Rules for the Southern District of West Virginia (the "Local Rules"), for the entry of an order, substantially in the form attached hereto as **Exhibit**

---

[1] The Debtors will file a motion seeking to shorten the notice for certain "first-day" motions, including this pleading, and will request an expedited hearing on such motions at the Court's earliest convenience.

**A**, directing the joint administration of their related chapter 11 cases.  In support of this Motion, the Debtors rely on the *Declaration of Daniel J. Lauffer in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* (the "Lauffer Declaration") filed contemporaneously herewith and incorporated herein by reference.  In further support of this Motion, the Debtors submit as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015 and Local Rule 1015-1(b).

## BACKGROUND

3.      On the date hereof (hereinafter the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases (the "Chapter 11 Cases") and, as of the date of the filing of this Motion, no official committees have been appointed or designated.

4.      A full description of the Debtors' business operations, corporate structures, capital structures, and reasons for commencing these cases is set forth in full in the Lauffer Declaration. Additional facts in support of the specific relief sought herein are set forth below

## RELIEF REQUESTED

5. By this Motion, the Debtors seek entry of an order directing joint administration of these Chapter 11 Cases for procedural purposes only.

6. Specifically, the Debtors request that the Court maintain one file and one docket for all of the jointly administered cases under the case of Thomas Health System, Inc. and that the Chapter 11 Cases be administered under a consolidated caption, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

| **In re:** | Chapter 11 |
|---|---|
| **THOMAS HEALTH SYSTEM, INC., et al.** | Case No. 20-20007 (FWV) |
| **Debtors**[1] | (Jointly Administered) |

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Thomas Health System, Inc. (0674); Herbert J. Thomas Memorial Hospital Association (4900); Charleston Hospital, Inc. (2692); and THS Physician Partners, Inc. (5947).

7. The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket in each of the Debtors' cases, other than the case of Thomas Health System, Inc., to reflect the joint administration of these Chapter 11 Cases:

> An Order has been entered in this case in accordance with Rule 1015 of the Federal Rules of Bankruptcy Procedure and Rule 1015(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of West Virginia directing the procedural consolidation and joint administration of the chapter 11 cases of Thomas Health System, Inc., Herbert J. Thomas Memorial Hospital Association, Charleston Hospital, Inc., and THS Physician Partners, Inc. The docket in Case No. 20-20007 (FWV) should be consulted for all matters affecting this case.

8. Finally, the Debtors seek authority to file the monthly operating reports required by the United States Trustee's "Operating Guidelines and Financial Reporting Requirements" on a consolidated basis.

3

**BASIS FOR RELIEF REQUESTED**

9. Bankruptcy Rule 1015 provides, in relevant part, that if "two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." The Debtors are "affiliates" as that term is defined under section 101(2) of the Bankruptcy Code.

10. Local Bankruptcy Rule 1015-1(b) also permits joint administration of cases if it "will ease the administrative burden for the Court and the parties." Local Bankr. R. 1015-1(b).

11. Given the provisions of the Bankruptcy Code and the Debtors' affiliation, joint administration of the Chapter 11 Cases is warranted and will provide significant administrative convenience without harming the substantive rights of any party in interest. Joint administration will avoid the preparation, replication, service and filing, as applicable, of duplicative notices, applications and orders, thereby saving the Debtors considerable expense and resources. The Debtors' financial affairs and business operations are closely related. Most of the motions, hearings and orders in the Chapter 11 Cases will affect each Debtor and their respective estates. The rights of creditors will not be adversely affected, as this Motion requests only administrative, and not substantive, consolidation of the estates. Moreover, each creditor can still file its claim against a particular estate. In fact, all creditors will benefit by the reduced costs that will result from the joint administration of the Chapter 11 Cases. The Court also will be relieved of the burden of entering duplicative orders and maintaining duplicative files. Finally, supervision of the administrative aspects of the Chapter 11 Cases by the United States Trustee for the Southern District of West Virginia (the "U.S. Trustee") will be simplified.

12. Furthermore, it is appropriate to waive the requirement of section 342(c) (1) of the Bankruptcy Code and Bankruptcy Rules 1005 and 2002(n) to include the Debtors' full tax

identification numbers in the Debtors' caption and notices sent to creditors. This information is available on all of the Debtors' chapter 11 petitions. Waiver of this requirement is purely procedural in nature and will ease the administrative burden on the Debtors.

## NOTICE

13.    The Debtors, with the assistance of their proposed claims and noticing agent, will use their reasonable best efforts under the exigent circumstances of these Chapter 11 Cases to provide notice of this Motion by overnight mail, email and/or fax to: (a) the Office of the United States Trustee for the Southern District of West Virginia; (b) the Office of the United States Attorney for the District of West Virginia; (c) the creditors appearing on the Debtors' consolidated list of top 30 unsecured creditors; (d) the Internal Revenue Service; (e) any local, state, or federal agencies that regulate the Debtors' businesses; (f) the Bond Trustee and counsel of record; (g) Huntington Bank; (h) United Bank; (i) Bank of America; (j) Fifth Third Bank; (k) all parties requesting notices pursuant to Bankruptcy Rule 2002(f); and (l) all known secured creditors. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PREVIOUS REQUEST

14.    No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form attached hereto as Exhibit A, granting the relief requested herein and such other and further relief as the Court deems just and proper.

5

Dated: January 10, 2020               Respectfully Submitted

**WHITEFORD TAYLOR & PRESTON LLP**

/s/ *Brandy M. Rapp*
Brandy M. Rapp (WV Bar No. 10200)
10 S. Jefferson Street, Suite 1110
Roanoke, Virginia 24011
(540) 759-3577 Tel.
(540) 759-3567 Fax
brapp@wtplaw.com

Michael J. Roeschenthaler (PA Id. No. 87647)
200 First Avenue, Third Floor
Pittsburgh, PA 15222
(412) 618-5601 Tel.
mroeschenthaler@wtplaw.com

*Proposed Counsel to the Debtors and
Debtors-in-Possession*

*-AND-*

**FROST BROWN TODD, LLC**
Jared M. Tully, Esq. (WV Bar No. 9444)
500 Virginia Street East, Suite 1100
Charleston, WV 25301
304-345-0111 (phone)
304-345-0115 (fax)
jtully@fbtlaw.com

Ronald E. Gold, Esq. (Ohio Bar No. 0061351)
Douglas L. Lutz, Esq. (Ohio Bar No. 0064761)
3300 Great American Tower
301 East Fourth Street
Cincinnati, Ohio  45202
513-651-6800  Telephone
513-651-6981  Facsimile
rgold@fbtlaw.com
dlutz@fbtlaw.com

*Proposed Local Counsel to the Debtors and
Debtors-in-Possession*

*10034621*

## **EXHIBIT A**

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| **In re:** <br><br> **THOMAS HEALTH SYSTEM, INC.,** <br><br> **Debtor.** | Chapter 11 <br><br> Case No. 20-20007 (FWV) <br> (Joint Administration Requested) |
| **In re:** <br><br> **HERBERT J. THOMAS MEMORIAL HOSPITAL ASSOCIATION,** <br><br> **Debtor.** | Chapter 11 <br><br> Case No. 20-20008 (FWV) <br> (Joint Administration Requested) |
| **In re:** <br><br> **CHARLESTON HOSPITAL, INC.,** <br><br> **Debtor.** | Chapter 11 <br><br> Case No. 20-20009 (FWV) <br> (Joint Administration Requested) |
| **In re:** <br><br> **THS PHYSICIAN PARTNERS, INC.,** <br><br> **Debtor.** | Chapter 11 <br><br> Case No. 20-20010 (FWV) <br> (Joint Administration Requested) |

## ORDER DIRECTING
## JOINT ADMINISTRATION OF CHAPTER 11 CASES

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for entry of an order directing the joint administration of the Debtors' related chapter 11 cases, the Court finds that (i) it has jurisdiction over the matters

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334(b); (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Motion is in the best interest of the Debtors, their estates and creditors; (iv) proper and adequate notice of the Motion and the hearing thereon has been given and no other or further notice is necessary; and (v) upon the record herein after due deliberation thereon, good and sufficient cause appearing therefore, it is hereby

**ORDERED** that:

1. The Motion is GRANTED as set forth herein.

2. Pursuant to Bankruptcy Rule 1015 and Local Bankruptcy Rule 1015-1(b), the above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by the Court under the case of Debtor, Thomas Health System, Inc., Case No. 20-20007 (FWV) (the "Lead Case").

3. Nothing contained in this Order shall be deemed or construed as directing or otherwise affecting the substantive consolidation of any of the above-captioned cases.

4. The caption of the jointly administered cases shall read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

| | |
|---|---|
| **In re:** | Chapter 11 |
| **THOMAS HEALTH SYSTEM, INC., et al.** | Case No. 20-20007 (FWV) |
| **Debtors**[1] | (Jointly Administered) |

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Thomas Health System, Inc. (0674); Herbert J. Thomas Memorial Hospital Association (4900); Charleston Hospital, Inc. (2692); and THS Physician Partners, Inc. (5947).

5. The requirement to include the Debtors' full tax identification numbers in the case caption and notices to creditors is hereby waived.

2

6. A docket entry shall be made in each of the above-captioned cases, to reflect the joint administration of these Chapter 11 Cases, substantially as follows:

> An Order has been entered in this case in accordance with Rule 1015 of the Federal Rules of Bankruptcy Procedure and Rule 1015(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of West Virginia directing the procedural consolidation and joint administration of the chapter 11 cases of Thomas Health System, Inc., Herbert J. Thomas Memorial Hospital Association, Charleston Hospital, Inc., and THS Physician Partners, Inc. The docket in Case No. 20-20007 (FWV) should be consulted for all matters affecting this case.

7. With the exception of proofs of claim, the docket of the jointly administered cases will be maintained only in the Lead Case, and other than proofs of claim, all filings must be made in the Lead Case.

8. All proofs of claim must be filed in the case of the Debtor in which the claim is applicable.

9. The Debtors may file their monthly operating reports required by the Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees, issued by the U.S. Trustee, on a consolidated basis.

10. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

11. Notwithstanding any Bankruptcy Rule or Local Bankruptcy Rule that might otherwise delay the effectiveness of this Order, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. This Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

Presented By:

/s/ *Brandy M. Rapp*
Brandy M. Rapp (WV Bar No. 10200)
WHITEFORD TAYLOR & PRESTON LLP
10 S. Jefferson Street, Suite 1110
Roanoke, Virginia 24011
(540) 759-3577 Tel.
(540) 759-3567 Fax
brapp@wtplaw.com

Michael J. Roeschenthaler (PA Id. No. 87647)
200 First Avenue, Third Floor
Pittsburgh, PA 15222
(412) 618-5601 Tel.
mroeschenthaler@wtplaw.com

*Proposed Counsel to the Debtors and
Debtors-in-Possession*

-AND-

Jared M. Tully, Esq. (WV Bar No. 9444)
FROST BROWN TODD, LLC
500 Virginia Street East, Suite 1100
Charleston, WV 25301
304-345-0111 (phone)
304-345-0115 (fax)
jtully@fbtlaw.com

Ronald E. Gold, Esq. (Ohio Bar No. 0061351)
Douglas L. Lutz, Esq. (Ohio Bar No. 0064761)
3300 Great American Tower
301 East Fourth Street
Cincinnati, Ohio  45202
513-651-6800  Telephone
513-651-6981  Facsimile
rgold@fbtlaw.com
dlutz@fbtlaw.com

*Proposed Local Counsel to the Debtors and
Debtors-in-Possession*

*10034621*