**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

| | |
|---|---|
| **In re:** <br><br> **THOMAS HEALTH SYSTEM, INC.,** <br><br> **Debtor.** | Chapter 11 <br><br> Case No. 20-20007 (FWV) <br> (Joint Administration Requested) |
| **In re:** <br><br> **HERBERT J. THOMAS MEMORIAL HOSPITAL ASSOCIATION,** <br><br> **Debtor.** | Chapter 11 <br><br> Case No. 20-20008 (FWV) <br> (Joint Administration Requested) |
| **In re:** <br><br> **CHARLESTON HOSPITAL, INC.,** <br><br> **Debtor.** | Chapter 11 <br><br> Case No. 20-20009 (FWV) <br> (Joint Administration Requested) |
| **In re:** <br><br> **THS PHYSICIAN PARTNERS, INC.,** <br><br> **Debtor.** | Chapter 11 <br><br> Case No. 20-20010 (FWV) <br> (Joint Administration Requested) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER: (I) AUTHORIZING DEBTORS TO FILE A CONSOLIDATED CREDITOR MATRIX; (II) AUTHORIZING DEBTORS TO FILE A CONSOLIDATED LIST OF DEBTORS' 30 LARGEST UNSECURED CREDITORS; (III) AUTHORIZING CERTAIN PROCEDURES TO MAINTAIN THE CONFIDENTIALITY OF PATIENT INFORMATION AS REQUIRED BY PRIVACY RULES; (IV) ESTABLISHING PATIENT NOTICE PROCEDURES; AND (V) APPROVING THE FORM AND MANNER OF THE NOTICE <u>OF COMMENCEMENT OF CHAPTER 11 CASES</u>**
(*Expedited Consideration Requested[1]*)

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), by their undersigned proposed counsel, file this motion (the "Motion") pursuant to sections 105(a) and 521 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*., as amended, (the

---

[1] The Debtors will file a motion seeking to shorten the notice for certain "first-day" motions, including this pleading, and have requested an expedited hearing on such motions at the Court's earliest convenience.

"Bankruptcy Code"), Rules 1007 and 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 1007-1 and 1007-2 of the Local Bankruptcy Rules for the Southern District of West Virginia (the "Local Rules"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order") (i) authorizing the Debtors to file a Consolidated Creditor Matrix, (ii) authorizing the Debtors to file a consolidated list of the Debtors' thirty (30) largest unsecured creditors, (iii) authorizing certain procedures to maintain the confidentiality of patient information as required by privacy rules, (iv) establishing patient notice procedures, and (v) approving the form and manner of the notice of commencement of these chapter 11 cases. In support of this Motion, the Debtors rely on the *Declaration of Daniel J. Lauffer in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* (the "Lauffer Declaration") filed contemporaneously herewith and incorporated herein by reference. In further support of this Motion, the Debtors submit as follows:

## JURISDICTION AND VENUE

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157 (b)(2).

2.     The predicates for the relief requested herein are sections 105(a) and 521 of the Bankruptcy Code, Bankruptcy Rules 1007 and 2002 and Local Rules 1007-1 and 1007-2.

## BACKGROUND

3.     On the date hereof (hereinafter the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 the Bankruptcy Code. The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or

examiner has been made in these chapter 11 cases (the "Chapter 11 Cases"), and as of the date of the filing of this Motion, no official committees have been appointed or designated.

4.     Contemporaneously herewith, the Debtors have filed a motion requesting joint administration of their Chapter 11 Cases.

5.     A full description of the Debtors' business operations, corporate structures, capital structures, and reasons for commencing these cases is set forth in full in the Lauffer Declaration. Additional facts in support of the specific relief sought herein are set forth below.

## RELIEF REQUESTED

6.     By the Motion, the Debtors seek entry of an order: (i) authorizing Debtors to file a consolidated creditor matrix; (ii) authorizing the Debtors to file a consolidated list of the Debtors' 30 largest unsecured creditors; (iii) authorizing certain procedures to maintain the confidentiality of patient information as required by the Health Insurance Portability and Accountability Act of 1996, 42 U.S.C. §§ 1320d, *et seq.* (as amended, "HIPAA"); (iv) establishing patient notice procedures; and (v) approving the form and manner of notice of the commencement of the Chapter 11 Cases and of the meeting of creditors to be held pursuant to section 341 of the Bankruptcy Code (the "Section 341 Meeting"), substantially in the form attached as Exhibit 1 to the proposed Order (the "Commencement Notice").

## BASIS FOR RELIEF REQUESTED

**A.  Authority Exists to File a Consolidated List of Creditors**

7.     Pursuant to section 521(a)(1)(A) of the Bankruptcy Code, Bankruptcy Rule 1007(d), and Local Rule 1007-2, each chapter 11 debtor must file with its voluntary petition a creditor matrix setting forth the names, addresses and claim amounts of the debtors' creditors. The creditor matrix is used primarily by the United States Trustee (the "U.S. Trustee") to

evaluate the types and amounts of unsecured claims against a debtor and thereby identify potential candidates to serve on any official committee of unsecured creditors appointed in the debtor's chapter 11 case. *See* 9 Collier on Bankruptcy ¶ 1007.04 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) (stating that "the list enables the United States Trustee to determine the different types of claims existing in order to assure that a fully representative committee is appointed").

8. Given the affiliated nature of the Debtors, the Debtors submit that permitting them to maintain a single consolidated Creditor Matrix, in lieu of filing a separate creditor matrix for each Debtor, is warranted. Particularly in light of the size and scope of the Chapter 11 Cases and the number of the Debtors' creditors, segregating the Debtors' records to a specific creditor matrix format would be an unnecessarily burdensome task. Many creditors are creditors of more than one Debtor, and thus failure to maintain a single consolidated Creditor Matrix would result in duplicate mailings. In addition, filing a single consolidated Creditor Matrix would facilitate the U.S. Trustee's review of creditors' claims and its appointment of a single creditors' committee in these cases. Under these circumstances, the exercise of satisfying the literal requirements of Bankruptcy Rule 1007(d) would only serve to frustrate its intended purpose.

9. Courts in the Fourth Circuit, including this Court, have regularly granted similar relief to the relief requested herein. *See, e.g.*, *In re Blackjewel, L.L.C.*, No. 19-30289 (FWV) (Bankr. S.D. W. Va. July 23, 2019); *In re James River Coal Co.*, No. 14-31848 (KRH) (Bankr. E.D. Va. Apr. 9, 2014); *In re AMF Bowling Worldwide, Inc.*, No. 12-36495 (KRH) (Bankr. E.D. Va. Nov. 14, 2012); *In re MMR Holdings, Inc.*, No. 10-32658 (DOT) (Bankr. E.D. Va. Apr. 16, 2010); *In re Bear Island Paper Co., L.L.C.*, No. 10-31202 (DOT) (Bankr. E.D. Va. Feb. 26,

2010); *In re Movie Gallery, Inc.*, No. 10-30696 (DOT) (Bankr. E.D. Va. Feb. 8, 2010); *In re Circuit City Stores, Inc.*, No. 08-35653 (KRH) (Bankr. E.D. Va. Dec. 9, 2008).

10. For the foregoing reasons, in the absence of any corresponding benefit, the Debtors request authority to file a consolidated Creditor Matrix in lieu of filing separate lists for each Debtor. The Debtors believe that such relief is appropriate under the circumstances for the efficient and orderly administration of these cases.

B. **Authority Exists to File a Single Consolidated List of the Debtors' 30 Largest Unsecured Creditors**

11. Pursuant to Bankruptcy Rule 1007(d), a debtor must file a list (a "Top 20 List") containing the name, address and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders. This Top 20 List is primarily used by the U.S. Trustee to evaluate the types and amounts of unsecured claims against the debtor and thus identify potential candidates to serve on an official committee of unsecured creditors appointed in the debtor's case pursuant to section 1102 of the Bankruptcy Code. *See In re Dandy Doughboy Donuts, Inc.*, 66 B.R. 457, 458 (Bankr. S.D. Fla. 1986) ("The purpose of the separate list of 20 largest creditors required by this provision in the rules is to enable the clerk to identify members and the court to appoint immediately an unsecured creditors' committee in compliance with 11 U.S.C. § 1102(a)(1)."); *see also* 9 Alan N. Resnick, et al., COLLIER ON BANKRUPTCY ¶ 1007.05 (15th ed. rev. 2008) ("[T]he larger [unsecured creditor] list and information about the claims of the creditors on the list enables the [U.S.] Trustee to determine the different types of claims existing in order to assure that a fully representative committee is appointed.").

12. Here, the Debtors operate as a single business enterprise, and numerous creditors are shared amongst certain of the Debtors. In addition, compiling separate top 20 creditor lists for each individual Debtor would consume an excessive amount of the Debtors' scarce time and

5

resources. Accordingly, the Debtors request authority to file a single, consolidated list of their thirty (30) largest general unsecured creditors.

13.    The Debtors are in the process of filing a motion to retain and employ Omni Management Group (the "Claims Agent") as notice, claims and balloting agent in the Chapter 11 Cases. The request to retain the Claims Agent is made pursuant to 28 U.S.C. § 156(c), which empowers the Court to use outside facilities or services for the provision of notices and other administrative information to parties in interest so long as the costs of the services are paid for out of the assets for the estates. The Claims Agent will assist in preparing the consolidated list of thirty (30) largest general unsecured creditors.

14.    A single consolidated list of their combined 30 largest unsecured creditors in these cases would be more reflective of the body of unsecured creditors that have the greatest stake in these cases than separate Top 20 Lists for each of the Debtors. The Debtors believe that such relief is not only appropriate under the circumstances, but necessary for the efficient and orderly administration of these cases.

15.    Moreover, because the U.S. Trustee is likely to appoint a single official committee of unsecured creditors in the Chapter 11 Cases, a consolidated list of the Debtors' largest creditors will better represent the Debtors' most significant unsecured creditors. As such, the Debtors believe that filing a single, consolidated list of the 30 largest unsecured creditors in the Chapter 11 Cases is appropriate.

**C.    Request for Approval of Procedures to Protect Patient Health Information**

16.    Bankruptcy Rule 1007(a) and Local Rule 1007-2 require the Debtors to file matrices listing their creditors and interested parties by name and address. Section 521 of the Bankruptcy Code and Bankruptcy Rule 1007 further requires the Debtors to publish certain

schedules listing information about creditors. However, HIPAA potentially bars the Debtors from publishing identifying information about certain patients of the Debtors who are also potential claimants that would ordinarily appear on such matrices.

17. HIPAA and one of its accompanying implementing regulations, 45 C.F.R. § 164.502 (the "<u>HIPAA Privacy Rule</u>"), address the use and disclosure of "protected health information" by a "covered entity." As hospital is a covered entity, HIPAA prohibits the Debtors "wrongful disclosure" of "individually identifiable health information." *See id.* The statute defines "individually identifiable health information" as any information relating to the individual's "past, present or future physical or mental health or condition, the provision of health care to the individual, or the past, present or future payment for the provision of health care to the individual" that also "identifies the individual or for which there is a reasonable basis to believe that the information can be used to identify the individual." 42 U.S.C. § 1320(d)(6).

18. Individually identifiable health information is referred to in the HIPAA Privacy Rule as PHI. 45 C.F.R. § 164.501. The HIPAA Privacy Rule notes that "many common identifiers" qualify as PHI, and lists, as examples, names, addresses, birth dates, and Social Security Numbers. 45 C.F.R. § 164.502. Wrongful disclosure means "knowingly us[ing] or caus[ing] to be used a unique health identifier, obtain[ing] individually identifiable health information relating to an individual or disclos[ing] individually identifiable health information to another person." 42 U.S.C. § 1320d-6(a).

19. Certain current and past patients of the Debtors may assert claims against the Debtors, and, under the Bankruptcy Code and the Bankruptcy Rules, the Debtors must list information about these patients, including their names and addresses, in the creditor matrix and in the Debtors' their schedules of assets and liabilities and statements of financial affairs (the

7

"<u>Schedules and Statements</u>").  Listing any patient's name or address in the Debtors' matrices, the Schedules and Statements, or any notice or certificate of service, however, may violate the HIPAA Privacy Rule, unless an exception permitting such distribution is satisfied.

20. There is an exception in the HIPAA Privacy Rule for disclosures with valid authorization. Valid authorization includes information authorized to be released for law enforcement purposes, which is defined as releases required by law (including court orders, court-ordered warrants and subpoenas) and administrative requests. 45 C.F.R. § 164.512(f). To the extent the Debtors distribute protected health information pursuant to an order of this Court, such distribution would not violate the HIPAA Privacy Rule.

21. Accordingly, the Debtors request that the Court establish the following procedures to balance the need to protect patient health information with the need to disclose information regarding these cases to the public:

    a. the Debtors shall omit any reference to current or former patients from the matrix of creditors and any certificate of service;

    b. the Debtors shall identify current or former patients in the Schedules and Statements solely by a code number, such as "Patient 1," "Patient 2," and so forth, and shall make an unredacted copy of the Schedules and Statements available to (a) the Court and to the U.S. Trustee upon request; and (b) any other party-in-interest only after this Court has entered an order, after notice and a hearing, authorizing the Debtors or the Claims Agent to do so;

    c. the Debtors or the Claims Agent shall maintain a list of all current or former patients (the "<u>Patient List</u>") that appear on the matrix of creditors, and shall make the Patient List, or any portion thereof, available to any party-in-interest only after this Court has entered an order, after notice and a hearing, authorizing the Debtors or the Claims Agent to do so; and

    d. when the Debtors or the Claims Agent serve any paper upon any person listed on the Patient List, the Debtors or the Claims Agent shall note in the respective certificate of service that the parties served include persons listed on the Patient List.

**D.    Request for Approval of Patient Notice Procedures**

22.    Pursuant to sections 102 and 105(a) of the Bankruptcy Code and the applicable Bankruptcy Rules, the Debtors request that the Court adopt specific notice procedures related to the notification of current and former patients of the Debtors. In particular, the Debtors request authority to serve a Notice of Commencement of Case, substantially in the form of Official Form 309F (the "Commencement Notice") (attached as Exhibit 1 to the proposed Order), via regular mail, on certain current and former patients of the Debtors, as fully set forth below, and by publication as soon as practicable following the entry of an order granting this Motion. No other filings shall be served on current and former patients, except that patients that (i) are listed in the Schedules of the Debtors, (ii) file a proof of claim, or (iii) file a notice of appearance shall be served in accordance with the Bankruptcy Code and Bankruptcy Rules or as otherwise ordered by this Court.

23.    The Debtors have provided and continue to provide health care services to thousands of patients. Consequently, certain of the Debtors' current and former patients hold actual claims against the Debtors (the "Patient Claimants"). Many of the Debtors' other patients hold a right to refund of amounts previously paid to the Debtors.[2]

24.    In addition to known claims, each of the Debtors' current and former patients could potentially hold an actual or contingent claim against the Debtors' estates based upon unknown tort claims, services rendered, or otherwise.

25.    Although it is possible for the Debtors to identify the Patient Claimants who have actual claims against the Debtors, it is impracticable for them to identify which of the tens of

---

[2] In order to address the refunds owed to patients, the Debtors have filed their *Motion for Entry of Interim and Final Orders Authorizing the Debtors to (I) Maintain, Administer, Modify and Renew Their Refund Programs and Practices and (II) Honor Obligations Related Thereto*, whereby the Debtors are seeking authority to maintain and administer their existing Refund Program (as defined therein) and to make refund payments to patients and third third-party payors.

9

thousands of former patients may have unknown claims that have not yet manifested. Providing individual notice to every current and former patient of the Debtors that could conceivably hold an unknown tort claim against the Debtors would be impracticable and costly to the Debtors' estates.

26. In light of the impracticality of providing individual notice to each of the Debtors' tens of thousands of current and former patients, the Debtors propose to serve the Commencement Notice, via regular mail, on all Patient Claimants.

27. In recognition that certain current and former patients that will not receive individual notice as set forth above may nonetheless hold actual or contingent claims against the Debtors' estates of which the Debtors are unaware, the Debtors propose to provide notice by publication pursuant to Federal Rule of Bankruptcy Procedure 2002(l) by causing the Commencement Notice to be published (i) once in the *Charleston Gazette-Mail*, the Huntington *Herald-Dispatch*, and the Beckley *Register-Herald*, and (ii) on the website to be established by the Claims Agent.

28. The patient notice procedures the Debtors propose are substantially similar to those adopted in *In re: Fairmont General Hospital, Inc.*, Case No. 1:13-bk-01054, Doc. 85 (Bankr. N.D. W. Va. Sept. 16, 2013).

29. The Debtors believe that it is in the best interests of the Debtors' estates and all creditors and other interested parties to adopt the foregoing patient notice procedures.

**E.    Request for Approval of Form and Manner of the Commencement Notice**

30. Bankruptcy Rule 2002(a) provides in relevant part that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture

10

trustees at least 20 days' notice by mail of . . . the meeting of creditors under § 341 or § 1104(b) of the Code." Fed. R. Bankr. P. 2002(a).

31.     In connection with the Motion, the Debtors are in the process of filing an application seeking to retain the Claims Agent. If the application is granted, the Claims Agent will, among other things: (i) assist with compiling a creditor database from the Debtors' computer records; and (ii) complete the mailing of notices to the creditors in such database.

32.     The Debtors request that the Claims Agent, and not the Clerk, be directed to serve the Commencement Notice (attached as <u>Exhibit 1</u> to the proposed Order) in accordance with Bankruptcy Rule 2002(a). The Debtors further propose that the Commencement Notice be served by regular mail, postage prepaid, on those entities entitled to receive such notice pursuant to Bankruptcy Rule 2002(a) no later than five business days after the Debtors receive notice of the time and place of the Section 341 Meeting. The Debtors hereby request that the Court approve the foregoing as providing sufficient notice of the commencement of the Chapter 11 Cases and the Section 341 Meeting.

33.     In light of the foregoing, the Debtors submit that relief requested in the Motion is in the best interest of the Debtors' estates and is not prejudicial to the rights of any party in these cases.

## **NOTICE**

34.     The Debtors, with the assistance of their proposed claims and noticing agent, will use their reasonable best efforts under the exigent circumstances of the Chapter 11 Cases to provide notice of this Motion by overnight mail, email and/or fax to: (a) the Office of the United States Trustee for the Southern District of West Virginia; (b) the Office of the United States Attorney for the District of West Virginia; (c) the creditors appearing on the Debtors'

consolidated list of top 30 unsecured creditors; (d) the Internal Revenue Service; (e) any local, state, or federal agencies that regulate the Debtors' businesses; (f) the Bond Trustee and counsel of record; (g) Huntington Bank; (h) United Bank; (i) Bank of America; (j) Fifth Third Bank; (k) all parties requesting notices pursuant to Bankruptcy Rule 2002(f); and (l) all known secured creditors. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### REQUEST FOR WAIVER OF STAY

35.	To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay of an order authorizing the use, sale or lease of property under Bankruptcy Rule 6004(h).

### NO PREVIOUS REQUEST

36.	No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter and Order, Substantially in the form attached hereto as Exhibit A, granting the relief requested herein and such other and further relief as the Court deems just and proper.

Date: January 10, 2020                              Respectfully Submitted,

**WHITEFORD TAYLOR & PRESTON LLP**

/s/ *Brandy M. Rapp*
Brandy M. Rapp (WV Bar No. 10200)
10 S. Jefferson Street, Suite 1110
Roanoke, Virginia 24011
(540) 759-3577 Tel.
(540) 759-3567 Fax
brapp@wtplaw.com

>Michael J. Roeschenthaler (PA Id. No. 87647)
>200 First Avenue, Third Floor
>Pittsburgh, PA 15222
>(412) 618-5601 Tel.
>mroeschenthaler@wtplaw.com
>
>*Proposed Counsel to the Debtors and Debtors-in-Possession*
>
>*-AND-*
>
>**FROST BROWN TODD, LLC**
>Jared M. Tully, Esq. (WV Bar No. 9444)
>500 Virginia Street East, Suite 1100
>Charleston, WV 25301
>T: 304-345-0111
>F: 304-345-0115
>jtully@fbtlaw.com
>
>Ronald E. Gold, Esq. (Ohio Bar No. 0061351)
>Douglas L. Lutz, Esq. (Ohio Bar No. 0064761)
>3300 Great American Tower
>301 East Fourth Street
>Cincinnati, Ohio 45202
>T: 513-651-6800
>F: 513-651-6981
>rgold@fbtlaw.com
>dlutz@fbtlaw.com