# UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**In Re: THOMAS HEALTH SYSTEM INC, et al.**   Case No. 20-20007
    **Including consolidated cases,**
      **Debtor,**
                                                                   **Chapter 11**

## LIMITED OBJECTION CONCERNING APPOINTMENT OF PATIENT CARE OMBUDSMAN BY KANAWHA COUNTY EMERGENCY AMBULANCE AUTHORITY

COMES NOW Creditor Kanawha County Emergency Ambulance Authority (hereinafter "Ambulance Authority"), by counsel, with this limited objection to the appointment of a patient care ombudsman in this case, pursuant to 11 United States Code § 333. While the Ambulance Authority takes no position on whether an ombudsman is appointed or not, the Ambulance Authority requests that this Court be clear in its order to limit the authority of any potential ombudsman to its proper scope, which does not reach non-debtors.

Specifically, the Ambulance Authority proffers to the Court the fact that its medical providers frequently transport patients of the Debtor between the Debtor's various premises, and sometimes other medical facilities. During these transports, medical care is provided to the patients by the Ambulance Authority's medical personnel, and are under the Ambulance Authority's care, custody, and control during that time.

As a non-debtor, the Ambulance Authority is beyond the scope of 11 U.S.C. § 333(a)(1). Therefore, should this Court order the appointment of an ombudsman, that ombudsman would clearly be beyond its authority in any actions which occur under the control of the Ambulance Authority (or for that matter, any other non-debtor).

THEREFORE, the Kanawha County Emergency Ambulance Authority respectfully requests that, should this Court enter an order appointment a patient care ombudsman under 11 U.S.C. § 333, that such an order explicitly exclude from the authority of the ombudsman all activities under the control of the Kanawha County Emergency Ambulance Authority and other non-debtors.

The undersigned states that upon prior consultation with both counsel for the Debtors and the United States Trustee, he believes this limited objection is unopposed.

Dated: March 3, 2020							Respectfully submitted,

								*/s/ E. Taylor George*
								E. Taylor George (WVSB #8892)
								MACCORKLE LAVENDER, PLLC
								300 Summers Street, Suite 801
								Charleston, West Virginia 25301
								Ph: (304) 344-5600
								Fax: (304) 344-8141
								*Counsel for Creditor Kanawha County*
								*Emergency Ambulance Authority*

**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**In Re: THOMAS HEALTH SYSTEM INC, et al.**　　　　Case No. 20-20007
　　　Including consolidated cases,
　　　　　　Debtor,

　　　　　　　　　　　　　　　　　　　　　　　　**Chapter 11**

### CERTIFICATE OF SERVICE

　　　I, E. Taylor George, counsel for Union Williams Public Service District, do hereby certify that on March 3, 2020, I served a true and correct copy of the foregoing **LIMITED OBJECTION CONCERNING APPOINTMENT OF PATIENT CARE OMBUDSMAN BY KANAWHA COUNTY EMERGENCY AMBULANCE AUTHORITY** upon all counsel/parties of record, by mail or filing this pleading through the ECF system of the United States District Court for the Southern District of West Virginia, addressed to the following:

Scott M. Hare　　　　　　　　　　　　　　　Debra A. Wertman
200 First Avenue, Third Floor　　　　　　　300 Virginia Street E., Room 2025
Pittsburgh, Pennsylvania 15222　　　　　　Charleston, West Virginia 25301
*Attorney for Debtors*　　　　　　　　　　　*United States Trustee*

Jared M. Tully
500 Lee Street, East
Charleston, West Virginia 25301
*Attorney for Debtors*


　　　　　　　　　　　　　　　　　　　　　*/s/ E. Taylor George*
　　　　　　　　　　　　　　　　　　　　　E. Taylor George (WVSB #8892)
　　　　　　　　　　　　　　　　　　　　　MACCORKLE LAVENDER, PLLC
　　　　　　　　　　　　　　　　　　　　　300 Summers Street, Suite 801
　　　　　　　　　　　　　　　　　　　　　Charleston, West Virginia 25301
　　　　　　　　　　　　　　　　　　　　　Ph: (304) 344-5600
　　　　　　　　　　　　　　　　　　　　　Fax: (304) 344-8141
　　　　　　　　　　　　　　　　　　　　　*Counsel for Creditor Kanawha County
　　　　　　　　　　　　　　　　　　　　　Emergency Ambulance Authority*