IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

IN RE:                                                                                  Chapter 11

Thomas Health System, Inc., et al.,                                    Case No. 20-20007
                                                                                            (Jointly Administered)

                Debtor

**ORDER DIRECTING
THE APPOINTMENT OF PATIENT CARE OMBUDSMAN**

      The Court having fully considered the record in this case relative to the appointment of a patient care ombudsman ("PCO") under 11 U.S.C. § 333 and Fed. R. Bankr. P. 2007.2, including the Debtor's report to permit the case to go forward without the appointment of an ombudsman [Docket No. 130], the United States Trustee's (UST) response thereto [Docket No 145], the affidavit of Daniel J. Lauffer [Docket No 317], the UST's supplement to its response [Docket No 392], and the Debtor's response to the UST's supplement [Docket No 400], does not find that the record establishes that the appointment of a PCO is unnecessary under the specific facts of this case.

      Accordingly, it is ORDERED that

      1.     The United States Trustee is directed to appoint the PCO pursuant to 11 U.S.C. § 333(a) in these jointly administered cases.

      2.     The PCO shall perform the duties required of an ombudsman under 11 U.S.C. §333(b) and monitor the quality of patient care provided to patients of the Debtor, to the extent necessary under the circumstances.

      3.     The PCO shall report to the Court, after notice to parties in interest, at a hearing or

in writing, regarding the quality of patient care provided to patients of the Debtor.  The first report shall be made not later than 60 days after the date of the appointment and not less frequently than 60-day intervals thereafter.  The notice of the report shall be sufficient if filed with the Court, provided to any parties in interest requesting notice of such report or other pleadings in this case, and by posting the notice at the facility in a place accessible to the patients at the facility.  A copy of any written report shall be kept at the facility and shall be made available to the patients as may be requested.

       4.       If the PCO determines that the quality of patient care provided to patients of the Debtor is declining significantly or is otherwise being materially compromised, the PCO shall file with the court a motion or a written report, with notice to the parties in interest immediately upon making such determination.

       5.       The PCO and his or her representatives shall have access to and may review confidential patient records as necessary and appropriate to discharge his or her duties under this order, without the need for further court order, consistent with the authority of ombudsmen under the Older Americans Act of 1965 and under non-federal laws governing the State Long Term Care Ombudsman program.

       6.       The PCO and his or her representatives shall maintain any information obtained by them that relates to patients including patient records as confidential information and protect the confidentiality of such records as required under applicable non-bankruptcy law and regulations including, but not limited to, the Health Insurance Portability and Accountability Act of 1996 and the federal HIPAA privacy regulations at 45 Code of Federal Regulations.

       7.       The appointment shall continue until such time as the Debtor is no longer operating a health care business, the case is dismissed, or the Court determines that the PCO is no longer necessary.

Prepared by:

/s/ *Gary O. Kinder*
 Gary O. Kinder (WV Bar #7732)
United States Courthouse, Room 2025
300 Virginia Street, E.
Charleston, WV 25301
Telephone: (304) 347-3400