Frank W. Volk
United States District Judge

**Dated: April 6th, 2020**

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
## AT CHARLESTON

| IN RE: | LEAD CASE NO. 2:20-20007 |
| --- | --- |
|  | *Joint Administration* |
| THOMAS HEALTH SYSTEM, INC., *et al.*, | CHAPTER 11 |
| Debtors. | JUDGE FRANK W. VOLK |

### MEMORANDUM OPINION AND ORDER

Pending is the Debtors' Report Regarding the Necessity of a Patient Care Ombudsman (the "Debtor's Report"), filed January 29, 2020 [dckt. 130].

### I.

The United States Trustee submitted a Response on January 31, 2020 [dckt. 145], as did the Official Committee of Unsecured Creditors on February 3, 2020 [dckt. 156] and the Kanawha County Emergency Ambulance Authority on March 3, 2020 [dckt. 320]. The Court held a hearing on the matter on March 5, 2020, after which it directed the Debtors and the United States Trustee to file post-hearing briefs. The parties complied, and the Court convened a second hearing on March 25, 2020.

The Debtors assert that the appointment of a patient care ombudsman is unnecessary. They explain that concerns about patient care were not a consideration in filing the instant case, that there are internal controls and healthcare regulations in place which would make

an ombudsman redundant, and that an ombudsman would be both an administrative distraction and a safety risk during the COVID-19 pandemic.

The United States Trustee vigorously disagrees with the Debtors and asserts that the ombudsman appointment is of even greater urgency given the pandemic and the need to ensure that patient care standards are maintained. The United States Trustee also notes some fifteen pending medical malpractice actions involving the Debtors and urges that regulatory oversight and internal safeguards are insufficient to obviate the need for an ombudsman.

## II.

Ombudsman appointments are governed by 11 U.S.C. § 333(a)(1), which provides that "[i]f the debtor in a case under chapter . . . 11 is a health care business, the court shall order . . . the appointment of an ombudsman . . . unless the court finds that the appointment of such ombudsman is not necessary for the protection of patients under the specific facts of the case." 11 U.S.C. § 333(a)(1). The term "health care business" includes "any general or specialized hospital . . . ." 11 U.S.C. § 101(27A)(B).

First, it is clear the Debtors are a health care business for purposes of § 333(a)(1). Regarding the balance of the statutory requirements, the burden rests with the party opposing the appointment. *In re Starmark Clinics*, 388 B.R. 729, 734 (Bankr. S.D. Tex. 2008). Courts have traditionally weighed nine factors in evaluating whether an ombudsman is necessary. *In re Pediatrics at Whitlock, P.C.*, 507 B.R. 10,11 (Bankr. N.D. Ga. 2014). The factors are as follows: 1) the cause of the bankruptcy; 2) the presence and role of licensing or supervising entities; 3) the debtor's past history of patient care; 4) the ability of the patients to protect their rights; 5) the level of dependency of the patients on the health care facility; 6) the likelihood of tension between the

interests of the patient and the debtor; 7) the potential injury to the patients if the debtor drastically reduced its level of patient care; 8) the presence and sufficiency of internal safeguards to ensure the appropriate level of care; and 9) the impact of the cost of the ombudsman on the likelihood of a successful reorganization. *Id.*; *see also In re Alternate Family Care*, 377 B.R., 754, 758 (Bankr. S.D. Fla. 2007); *In re Flagship Franchises of Minnesota, LLC*, 484 B.R. 759, 762 (Bankr. D. Minn. 2013). The analysis is necessarily fact bound. *Flagship Franchises*, 484 B.R. at 762.

Although some factors weigh in favor of appointment, the majority do not. For example, the bankruptcy was not precipitated by any allegations of deficient patient care or patient privacy concerns. Further, there appear to be significant patient protection internal controls and external safeguards in place presently. Weighed with these two exemplars are the concerns that an ombudsman would create a substantial expense for the Debtors' estates and may well endanger patients during the pandemic, inasmuch as the ombudsman would be obliged to travel, visit patient rooms, and migrate between facilities at a time when personal contact should be minimized. The Court notes as well that pending malpractice actions alone, without any showing respecting the merits or circumstances thereof, adds very little to the analysis.

The Court finds that an ombudsman is unnecessary at this time and may well be disruptive of hospital operations at a time when administrative and operational fluidity is essential. Accordingly, **IT IS ORDERED** that the Debtors have rebutted the showing that a patient care ombudsman should be appointed. **IT IS FURTHER ORDERED**, however, that the requested appointment is **DENIED** without prejudice to a showing at some later time of changed circumstances warranting such appointment. The Court would be prepared to take up any such matter on an expedited basis.