# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | **Case No. 2:20-bk-20007 (FWV)** |
| **THOMAS HEALTH SYSTEM, INC.,** | ) | *Jointly Administered* |
| | ) | |
| | ) | **Chapter 11** |
| **Debtor.** | ) | |
| | ) | |
| **In re:** | ) | |
| | ) | **Case No. 2:20-bk-20008 (FWV)** |
| **HERBERT J. THOMAS MEMORIAL HOSPITAL ASSOCIATION,** | ) | *Jointly Administered* |
| | ) | |
| | ) | **Chapter 11** |
| **Debtor.** | ) | |
| | ) | |
| **In re:** | ) | |
| | ) | **Case No. 2:20-bk-20009 (FWV)** |
| **CHARLESTON HOSPITAL, INC.** | ) | *Jointly Administered* |
| | ) | |
| | ) | **Chapter 11** |
| **Debtor.** | ) | |
| | ) | |
| **In re:** | ) | |
| | ) | **Case No. 2:20-bk-20010 (FWV)** |
| **THS PHYSICIAN PARTNERS, INC.** | ) | *Jointly Administered* |
| | ) | |
| | ) | **Chapter 11** |
| **Debtor.** | ) | |
| | ) | |

## MOTION OF JANE DOE FOR RELIEF FROM THE AUTOMATIC STAY

NOW COME Creditors minor Jane Doe, her mother and grandmother (collectively "Creditors"), by and through their undersigned counsel, Robert M. Bastress III of DiPiero Simmons McGinley & Bastress, PLLC, and hereby file this motion for entry of an order granting relief from the automatic stay pursuant to Sections 105, 362, 541 of Title 11 of the United States Code (the "Bankruptcy Code"), Fed. R. Bankr. P. 4001 and 9014, and Local Bankruptcy Rule 4001-1, to allow litigation to proceed without delay to judgment, to the extent that the creditors' potential recovery would come from a statutorily-enabled self-funded trust that is not bankruptcy estate property and/or any applicable insurance proceeds that are not bankruptcy estate property.

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory basis for the relief sought in this motion includes 11 U.S.C. § 362(d) and Rule 4001(d) of the Federal Rules of Bankruptcy Procedure.

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

4. Thomas Health System, Inc. and several related entities, including Herbert J. Thomas Memorial Hospital Association ("Thomas Memorial Hospital"), filed voluntary petitions under Chapter 11 of the Bankruptcy Code on January 10, 2020. The bankruptcy proceedings are being jointly administered by this Court. Prior to Thomas Memorial Hospital's voluntary petition, Thomas Memorial Hospital provided hospital services in South Charleston, Kanawha County, West Virginia.

5. In September 2018, then five-year-old, Jane Doe, was at Thomas Hospital with her mother and mother's boyfriend, all of whom were seeking medical treatment. Thomas Hospital mixed up urine screens, which, in turn, caused the minor child to undergo invasive screenings, including a rape exam, at Women's and Children's Hospital. Thomas's negligence also caused the minor child to be separated from her family members for some time. As a consequence, Jane Doe, her mother and grandmother suffered damages.

6. On August 29, 2019, Jane Doe, her mother and grandmother filed a Complaint in the Circuit Court of Kanawha County, West Virginia (Civil Action No. 19-C-876), in part, under the West Virginia Medical Professional Liability Act (W. Va. Code § 55-7B-1, *et seq.* – "the MPLA"), alleging that Thomas Memorial Hospital's staff deviated from the applicable standard of care in its care and treatment of the minor child and caused injuries.

7. On October 4, 2019, Thomas filed a motion to dismiss arguing that Jane Doe and her mother and grandmother did not include a Screening Certificate of Merit with the Notice of Claim, sent on April 5, 2019, prior to the filing of the MPLA action in August. Jane Doe and her mother and grandmother responded that a Screening Certificate of Merit was not necessary under *W.Va. Code* § 55-7B-6(c) of the MPLA because counsel believed the theory of liability was well-established and did not require an expert to opine about the mixing up of the urine screens, as permitted in the statutory exception. After communication with the parties from the Circuit Court, counsel determined it did not make sense to litigate the issue since Jane Doe, her mother and grandmother were going to obtain an expert in any event. Accordingly, on October 24, 2019, counsel filed a Rule 41(a)(1) notice of voluntary dismissal without prejudice, which

indicated they would be re-filing the action 30 days after providing Thomas with an Amended Notice of Claim and accompanying Screening Certificate of Merit.

8,    On December 27, 2019, Jane Doe and her mother and grandmother provided an Amended Notice of Claim with an accompanying Screening Certificate of Merit to Thomas.

9.    On January 10, 2020, Thomas filed bankruptcy (as described above) before the expiration of the 30-day period following the submission of the Amended Notice of Claim and thus before Jane Doe, her mother and grandmother could file a new civil action in the Circuit Court of Kanawha County.

10.    On January 13, 2020, counsel for Thomas stated in a letter to the undersigned that as a result of the bankruptcy filing, the impending, anticipated Circuit Court case of Jane Doe, her mother and grandmother is stayed.

11.    Upon information and belief, Thomas Memorial Hospital and/or its related entities maintain a self-funded trust and/or insurance policies to satisfy claims brought by plaintiffs, under the MPLA, against Thomas Memorial Hospital.

12.    Under the MPLA, in order to gain the benefit of the protections provided by the MPLA, including the MPLA's noneconomic damage caps, a health care provider must maintain "medical professional liability insurance in the aggregate amount of at least $1 million for each occurrence covering the medical injury which is the subject of the action."  W. Va. Code § 55-7B-8(d).

13.    One exception to the MPLA's medical professional liability insurance requirement provides for the establishment of an alternative self-funded trust:

> **[a]n irrevocable trust** may be established by or for the benefit of the physician and funded by conveyance to the trustee of the sum of not less than $1 million, in cash or cash equivalents, subject to disbursement and

4

> replenishment from time to time, as described in this section, and exclusive of funds needed for maintenance, administration, legal defense and all other costs.

W. Va. Code § 55-7B-12(a). (emphasis added). This section of the MPLA contemplates that the established self-funded trust program be "actuarially sound[.]" W. Va. Code § 55-7B-12(c). Additionally, the relevant section of the MPLA provides that

> [t]he trustee for the trust must be an independent professional, bank or other qualified institutional fiduciary. The trustee has all necessary and appropriate powers to fulfill the purposes of the trust, including, but not limited to, the powers to: (1) Disburse funds for the maintenance and administration of the trust, and for defense costs, judgments, arbitration indemnity awards and settlements; (2) Hire an actuary who is a member of the Casualty Actuarial Society and experienced in medical professional liability protection programs to provide a periodic opinion, but not less frequently than annually, as to the actuarial soundness of the fund, a copy of which opinion shall be provided upon request to any facility where the physician maintains clinical privileges; (3) Hire a qualified, third-party claims manager experienced in handling medical professional liability claims, with the power to set reserves and administer and oversee the defense of all claims; and (4) Require that the physician replenish the trust so as to maintain at all times a funding level of no less than $1 million or such greater amount as set forth in the most current actuarial opinion as described in subdivision (2) of this subsection, exclusive of funds needed for maintenance, administration, defense or other costs.

W. Va. Code § 55-7B-12(d).

14. The creditors maintain that any such self-funded trust established by Thomas Memorial Hospital and/or applicable insurance policies procured by Thomas Memorial Hospital would not be a part of any bankruptcy estate and thus, that Jane Doe, her mother and grandmother, should be permitted to pursue their currently-stayed litigation against Thomas Memorial Hospital in an effort to pursue recovery against the proceeds of any such self-funded trust established by Thomas Memorial Hospital and/or the proceeds of any applicable insurance policy procured by Thomas Memorial Hospital.

## RELIEF REQUESTED

15. By this Motion, Jane Doe, her mother and grandmother seek entry of an Order, pursuant to 11 U.S.C. § 362(d), lifting the automatic stay to enable them to continue the underlying litigation against Thomas Memorial Hospital so that they may pursue any funds maintained in a self-funded trust established by Thomas Memorial Hospital in congruence with the provisions of W. Va. Code § 55-7B-12 and/or the proceeds of any applicable insurance policy procured by Thomas Memorial Hospital. Notwithstanding, in the event that any such self-funded trust and/or applicable insurance policy is unavailable or insufficient, in whole or in part, Jane Doe, her mother and grandmother should be permitted to file a claim against Thomas Memorial Hospital, or its estate, limited to that portion of their claim not satisfied by the self-funded trust and/or any applicable insurance policy.

## BASIS FOR RELIEF

16. Following the filing of a bankruptcy petition, 11 U.S.C. § 362(a)(1) provides for an automatic stay of, *inter alia*, "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor . . . to recover a claim against the debtor that arose before the commencement of the case under this title[.]" Additionally, 11 U.S.C. § 362(a)(3) provides that the automatic stay precludes "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate[.]"

17. This absolute bar is tempered, however, by 11 U.S.C. § 362(d), which authorizes the bankruptcy court to grant relief from the automatic stay "(1) for cause, including the lack of adequate protection of an interest in property of such party in interest[.]"

18. In a hearing brought under 11 U.S.C. § 362(d) for relief from the stay provided by 11 U.S.C. § 362(a), "(1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and (2) the party opposing such relief has the burden of proof on all other issues." 11 U.S.C. § 362(g).

19. Under 11 U.S.C. § 541,

> [t]he commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held: (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

11 U.S.C. § 541. Subsection (b) provides, in relevant part, that "[p]roperty of the estate does not include – any power that the debtor may exercise solely for the benefit of an entity other than the debtor[.]" 11 U.S.C. § 541 (b)(1). Subsection (c)(2) provides that "[a] restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title." 11 U.S.C. § 541(c)(2).

20. It is well-established that property that a debtor holds in trust for another is not property of the bankruptcy estate under section 541. *See Begier v. I.R.S.,* 496 U.S. 53, 58, 110 S.Ct, 2258, 110 L.Ed.2d 46 (1990). Similarly, "[a]ssets transferred to an irrevocable trust do not become part of a bankruptcy estate unless the transfer or the trust is invalid." *In re Cutter,* 398 B.R. 6, 19 (9th Cir. 2008) (quoting *United States v. Lawrence,* 189 F.3d 838, 845 (9th Cir. 1999)). Notwithstanding, before determining whether an irrevocable trust is a part of the bankruptcy estate, the Court must consider whether the trust is enforceable under applicable nonbankruptcy law, *i.e.* the law of the State of West Virginia.

21. As is set forth above, a self-funded trust under the MPLA must be irrevocable, administered by a trustee, must be actuarially sound, and must contain sufficient funds for anticipated claims as well as additional funds available for all costs, including maintenance, administration, and legal defense costs. *See* W. Va. Code § 55-7B-12. Clearly, West Virginia law envisions the enforceability of such an irrevocable trust. Moreover, § 55-7B-12(b) precludes the settlor terminating (exercising control over) the trust unless appropriate medical professional liability insurance coverage is first purchased. Accordingly, any self-funded trust established pursuant to the requirements of the MPLA would not be a part of Thomas Memorial Hospital's bankruptcy estate.

22. Similarly, with respect to any applicable insurance policies, the proceeds of such policies would not be a part of Thomas Memorial Hospital's bankruptcy estate.

> The overriding question when determining whether insurance proceeds are property of the estate is whether the debtor would have a right to receive and keep those proceeds when the insurer paid on a claim. When a payment by the insurer cannot inure to the debtor's pecuniary benefit, then that payment should neither enhance nor decrease the bankruptcy estate. In other words, when the debtor has no legally cognizable claim to the insurance proceeds, those proceeds are not property of the estate.
>
> . . .
>
> [U]nder a typical liability policy, the debtor will not have a cognizable interest in the proceeds of the policy. Those proceeds will normally be payable only for the benefit of those harmed by the debtor under the terms of the insurance contract.

*Matter of Edgeworth,* 993 F.2d 51, 56 (5th Cir. 1993) (holding that proceeds of physician's medical malpractice liability policy were not part of the physician's Chapter 7 bankruptcy estate).

23. This Court has previously considered the standard governing a motion for relief from automatic stay for cause:

> One of the fundamental elements of bankruptcy protection, under any chapter, is imposition of the automatic stay. Section 362 of the Bankruptcy Code outlines the stay and its applicability. It is a powerful tool, and one that is essential in furthering the "fresh start" policy of the Code. However, in certain situations, the stay can be lifted to allow entities to proceed against a debtor or property of a debtor. One of those instances is contained in 11 U.S.C. § 362(d)(1), which states that "[o]n request of a party in interest and after notice and hearing, the court shall grant relief from the stay provided under subsection (a) of this section . . . (1) for cause, including the lack of adequate protection of an interest in property of such party in interest . . ." 11 U.S.C. § 362(d)(1) (2012).
>
> The meaning of the word "cause" is undefined in the Code and has historically been interpreted on a case-by-case basis. *In re Robbins,* 964 F.2d 342, 345 (4th Cir. 1992). The *Robbins* court set forth standards by which bankruptcy courts could assess "cause" under § 362(d)(1). *Id.* The factors are as follows: (1) whether the issues in the pending litigation involve only state law, so the expertise of the bankruptcy court is unnecessary; (2) whether modifying the stay will promote judicial economy and whether there would be greater interference with the bankruptcy case if the stay were not lifted because matters would have to be litigated in bankruptcy court; and (3) whether the estate can be protected properly by a requirement that the creditors seek enforcement of any judgment through the bankruptcy court. *Id.*

*In re Martin,* 2017 WL 1026560, *2; *see also In re 210 West Liberty Holdings, LLC,* 400 B.R. 510, 514-15 (Bankr. N.D. W.Va. 2009).

24. Under the *Robbins* factors, there is cause to grant this request for relief from the automatic stay. First, the medical negligence claims brought against Thomas Memorial Hospital solely involve issues of state law based on events that took place before the filing of Thomas Memorial Hospital's bankruptcy petition. As such, the bankruptcy court's expertise is unnecessary for the resolution of such medical negligence claims brought under the MPLA. Second, continuing litigation of the underlying litigation will promote judicial economy as

compared to litigating the issues in this Court. Third, Thomas Memorial Hospital's bankruptcy estate can be protected by modifying the automatic stay to allow the state court to enter judgment against Thomas Memorial Hospital, if appropriate. Enforcement of such potential judgment would be against Thomas Memorial Hospital's self-funded trust established pursuant to the MPLA or any applicable insurance policies procured by Thomas Memorial Hospital, neither of which is part of Thomas Memorial Hospital's bankruptcy estate, with any remainder amount enforced within the context of claims against Thomas Memorial Hospital's bankruptcy estate.

WHEREFORE, Jane Doe, her mother and grandmother respectfully request that this Court enter an order lifting the automatic stay, allowing them to pursue litigation against Herbert J. Thomas Memorial Hospital Association in the underlying putative case, and permitting them to file a claim against Thomas Memorial Hospital, or its estate, to the extent that any or all of their claim is not satisfied by any self-funded trust established by Thomas Memorial Hospital, or its related entities, in congruence with the self-funded trust requirements established by the MPLA and/or the proceeds of any applicable insurance policy procured by Thomas Memorial Hospital or its related entities.

Dated: April 10, 2020

**JANE DOE,**

*By Counsel*,

/s/ Robert M. Bastress III
Robert M. Bastress III (WV Bar #9616)
**DiPiero simmons mcginley & Bastress, PLLC**
604 Virginia Street, East
Charleston, WV 25301
Phone: (304) 342-0133
rob.bastress@dbdlawfirm.com
**Counsel for Jane Doe**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | **Case No. 2:20-bk-20007 (FWV)** |
| **THOMAS HEALTH SYSTEM, INC.,** | ) | *Jointly Administered* |
| | ) | |
| | ) | **Chapter 11** |
| Debtor. | ) | |
| | ) | |
| **In re:** | ) | |
| | ) | **Case No. 2:20-bk-20008 (FWV)** |
| **HERBERT J. THOMAS MEMORIAL** | ) | *Jointly Administered* |
| **HOSPITAL ASSOCIATION,** | ) | |
| | ) | |
| | ) | **Chapter 11** |
| Debtor. | ) | |
| | ) | |
| **In re:** | ) | |
| | ) | **Case No. 2:20-bk-20009 (FWV)** |
| **CHARLESTON HOSPITAL, INC.** | ) | *Jointly Administered* |
| | ) | |
| | ) | **Chapter 11** |
| Debtor. | ) | |
| | ) | |
| **In re:** | ) | |
| | ) | **Case No. 2:20-bk-20010 (FWV)** |
| **THS PHYSICIAN PARTNERS, INC.** | ) | *Jointly Administered* |
| | ) | |
| | ) | **Chapter 11** |
| Debtor. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I, Robert M. Bastress III, hereby certify that, on April 10, 2020, I caused a copy of the foregoing ***MOTION OF JANE DOE FOR RELIEF FROM THE AUTOMATIC STAY*** to be

11

filed through the Court's CM/ECF system, and that copies of the same will be automatically sent

to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                                       /s/ Robert M. Bastress III
                                                       Robert M. Bastress III (WV Bar #9616)