# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| **In re:** | Chapter 11 |
| **THOMAS HEALTH SYSTEM, INC., et al.** | Case No. 20-20007 (FWV) |
| **Debtors**[1] | (Jointly Administered) |

## OFFICIAL COMMITTEE OF UNSECURED CREDITORS' NOTICE OF DEPOSITION OF HAMLIN CAPITAL MANAGEMENT LLC PURSUANT TO FED. R. CIV. P. 30(b)(6)

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 30(b)(6), made applicable by Fed. R. Bankr. P. 7030 and 9014, counsel for the Official Committee of Unsecured Creditors will take the deposition upon oral examination of the Hamlin Capital Management LLC ("Hamlin") on the matters listed in the attached Schedule A. The deposition will begin on July 28, 2020 at 9:30 a.m. and will be conducted either at the offices of Sills Cummis & Gross P.C., One Riverfront Plaza, Newark, NJ or by video conference. The deposition will continue from day to day until completed and will be recorded stenographically by a notary public or other person authorized by law to administer oaths. The deposition may also be recorded by both audio and video means.

In accordance with Fed. R. Civ. P. 30(b)(6), Hamlin is required to designate and produce for the deposition one or more officers, directors, managing agents, or other persons who consent to testify on its behalf as to the information known or reasonably available to Hamlin concerning the matters identified in Schedule A to this Notice of Deposition.

The deposition may be used for the purposes of discovery, as evidence at any hearing or trial, or such other purposes as are permitted under the applicable rules.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number are: Thomas Health System, Inc. (0674); Herbert J. Thomas Memorial Hospital Association (4900); Charleston Hospital, Inc. (2692); and THS Physician Partners, Inc. (5947).

7363637

Dated: July 14, 2020                        BAILEY & WYANT, PLLC

/s/ *H.F. Salsberry*
H. F. Salsbery (WV Bar No. 3235)
Josef A. Horter (WV Bar No. 1790)
500 Virginia Street East, Suite 600
P.O. Box 3710
Charleston, WV 25337
(304) 345-4222 Tel.
(304) 343-3133 Fax.
tsalsbery@baileywyant.com

       -AND-

SILLS CUMMIS & GROSS P.C.
Andrew H. Sherman (*pro hac vice*)
Boris I. Mankovetskiy (*pro hac vice*)
One Riverfront Plaza
Newark, NJ 07102
(973) 643-7000 Tel.
(973) 643-6500 Fax
asherman@sillscummis.com
bmankovetskiy@sillscummis.com

*Counsel to the Official Committee of Unsecured Creditors of Thomas Health System, Inc., et al.*

2

7363637

## SCHEDULE A

## DEFINITIONS

Notwithstanding any definition set forth below, each word, term, or phrase used in this Schedule is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. As used in this Schedule:

(a) *Allowed Claims* shall have the meaning set forth in the Plan.

(b) *Allowed Secured Claim* shall have the meaning set forth in the Plan.

(c) *Avoidance Actions* shall have the meaning set forth in the Plan.

(d) *Bond Trustee* shall mean UMB Bank, N.A. and its professionals, employees and representatives, including but not limited to attorneys, financial advisors, and investment bankers.

(e) *Challenge Litigation* shall have the meaning set forth in the Plan.

(f) *Complaint* means the Complaint filed in the Challenge Litigation and any amendments thereto.

(g) *Debtors* means, collectively, Thomas Health System, Inc., Herbert J. Thomas Memorial Hospital Association, Charleston Hospital, Inc., THS Physician Partners, Inc., and TMH Services, Inc.

(h) *Debtor Released Claims* shall have the meaning set forth in the Plan.

(i) *Deficit* shall have the meaning set forth in the Plan.

(j) *Diminution Claim* shall have the meaning set forth in the Plan.

(k) *Disclosure Statement* shall refer to the *Disclosure Statement For Joint Chapter 11 Plan of Reorganization* [Docket No. 796].

(l) *Final Cash Collateral Order* shall have the meaning set forth in the Plan.

(m) *Financial Projections* shall refer to Exhibit C to the Disclosure Statement.

(n) *Financing Commitment Letter* shall have the meaning set forth in the Plan.

(o) *HCM* shall mean Hamlin Capital Management and its professionals, employees and representatives, including but not limited to attorneys, financial advisors, and investment bankers.

(p) *Holders* shall have the meaning set forth in the Plan.

(q) *Liquidation Analysis* shall refer to Exhibit B to the Disclosure Statement.

(r) *PBGC* shall mean the Pension Benefit Guaranty Corporation, a federal agency that administers the pension plan insurance program under Title IV of ERISA.

(s) *Plan* shall refer to the *Joint Chapter 11 Plan of Reorganization* attached to the Disclosure Statement as Exhibit A.

(t) *Obligated Debtors* shall have the meaning set forth in the Plan.

(u) *Operating Reserve Fund* shall have the meaning set forth in the Plan.

(v) *Self-Insured Trust* shall have the meaning set forth in the Plan.

(w) *Senior Bonds 9019 Settlement* shall have the meaning set forth in the Plan.

(x) *Series 2008 Bonds* shall have the meaning set forth in the Plan.

## INSTRUCTIONS

In addition to the requirements set forth in the applicable Rules, the following instructions apply to each of the deposition topics set forth herein:

1. Any noun used in the singular form shall be construed and applied to include the plural form, and *vice versa*.

2. Each topic shall be construed independently, and no topic shall be viewed as limiting the scope of any other topic.

7363637

3. The terms defined above and in each individual topic should be construed broadly and to the fullest extent of their meaning to comply with the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

4. If You object to a portion or aspect of a deposition topic, state the grounds for Your objection with specificity.

5. Any headings herein are for convenience only.

## AREAS OF DESIGNATION AND INQUIRY

Unless otherwise specified or required by the context, the time period for all matters is January 1, 2020 to the present. The areas of inquiry may include, but shall not be limited to, the following and any related communications and documents:

1. Your organizational structure and operating history, employees, departments, organization, and management, including the identities of the Persons or departments responsible for or with knowledge of the facts.

2. The preparation, negotiation, drafting, solicitation or implementation of the Disclosure Statement.

3. The preparation, negotiation, drafting, solicitation or implementation of the Plan.

4. The Financing Commitment Letter.

5. The provision in the Financing Commitment Letter regarding the Debtors' incurrence of subordinate indebtedness, including without limitation any analysis or justification for such limitation.

6. The Operating Reserve Fund and any potential Deficit.

7. The validity, extent, and value of the liens held by Holders of the Series 2008 Bonds

8. The refunding transaction contemplated by the Plan.

9. The value of each of the assets or liabilities of the Debtors on a debtor-by-debtor basis and on a consolidated basis, including without limitation any analysis, valuations, estimates or appraisals thereof.

10. The projected total enterprise value of each of the Debtors and all of the Debtors in the aggregate as of the projected effective date of the Plan.

11. Communications with and documents exchanged between you and elected officials, federal agencies, state agencies, county agencies, or city agencies, including but not limited to the West Virginia Hospital Authority concerning the refunding transaction, the Plan or any aspect of either the refunding transaction or the Plan.

7363637

12. All other matters concerning the refunding transaction, the Allowed Secured Claim or the confirmability of the Plan.

13. The solicitation and/or marketing to any potential purchasers of or investors in the refunding bonds proposed to be issued in connection with the Plan.

7363637